OPINION
This is an appeal from an order of the Court of Common Pleas, Stark County disqualifying the law firm of Black, McCuskey, Souers and Arbaugh Co., L.P.A. (BMSA) from representation of appellee in this cause.
The Three Assignments of Error are:
 I. THE TRIAL COURT ERRED IN RULING ON A MOTION TO DISQUALIFY COUNSEL WITHOUT HOLDING AN EVIDENTIARY HEARING.
 II. THE TRIAL COURT ERRED IN FAILING TO APPLY THE RULE ALLOWING REBUTTAL OF PRESUMPTION OF SHARED CONFIDENCES WITH A CHINESE WALL.
 III. THE TRIAL COURT ERRED IN FAILING TO ISSUE FINDINGS OF FACT IN RULING ON A MOTION TO DISQUALIFY.
 STATEMENT OF FACTS
The factual background provided is that attorney Brian Mertes had been associated with the law firm of Steven J. Brian and Richard F. Brian (Brian) which represented appellee as to his claim through a prior appeal to this Court and the Ohio Supreme Court and continues to represent him in this cause.
Attorney Mertes had some participation in the Brief submitted to the Supreme Court.
He is now associated with appellant's firm.
On the Motion to Disqualify appellant's firm (BMSA), affidavits were submitted and the trial court issued its Order of Disqualification without an evidentiary hearing.
 I., II., III.
As each of the Assignments of Error are interrelated, we shall discuss the issues relating to each simultaneously.
The pertinent part of the trial court's Order recites:
 The facts are not greatly disputed between the parties, and in answer to the Plaintiff's Motion to Disqualify, Counsel for Republic Engineered Steels sets out the measures which they have taken in an attempt to segregate Mr. Mertes from any further action in this case.
 While the Court absolutely accepts that Mr. Mertes will have no further input into this matter, and while the Court absolutely accepts that Mr. Mertes would never violate his duty of confidentiality, the issue here is whether or not Mr. Bailey will have confidence in this particular proceeding, regardless of the outcome.
The controlling case in Ohio on the issue of disqualification of counsel is Kala v. Aluminum Smelting and Refining Co., Inc. (1998),81 Ohio St.3d 1 which established a three part test:
 In ruling on a motion for disqualification of either an individual (primary disqualification) or the entire firm (imputed disqualification) when an attorney has left a law firm and joined a firm representing the opposing party, a court must hold an evidentiary hearing and issue findings of fact using a three-part analysis:
 (1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
 (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification? Id. at syllabus.
This Court received a question of disqualification of BMSA in ArthurM. Brant, M.D. v. Vitreo-Retinal Consultants, Inc., et al. (1999), 1999CA00283 (5th App, Dist.) and discussed the necessary applicability of all three tests of Kala.
The appellant admits that the first two listed tests of Kala, supra, are applicable, therefore the sole determination to be made is whether adequate steps have been taken by BMSA to rebut the presumption of shared confidences to avoid imputed disqualification.
In this case the only matters considered by the trial court were those set forth in appellant's brief and affidavits and opposing brief in support of the Motion to Disqualify.
The trial court appears to have accepted such statements but inserts a fourth test, i.e. the confidence of appellee in the judicial system.
The Ohio Supreme Court also considered such when it discussed governing Ethical Principles which are expressed in Kala, supra:
. . . In addition, an attorney should avoid even the appearance of impropriety. Canon 9 of the Code of Professional Responsibility; see, also, DR 9-101. Because of the importance of these ethical principles, it is the court's duty to safeguard the preservation of the attorney-client relationship. See Am. Can Co. v. Citrus Feed Co., 436 F.2d 1125, 1128
(C.A.5, 1971); Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (C.A.7, 1982). In doing so, a court helps to maintain public confidence in the legal profession and assists in protecting the integrity of the judicial proceeding. United States v. Agosto, 675 F.2d 965, 969 (C.A.8, 1982).
The Ohio Supreme Court, however, balanced these guidelines against the client's right to choose counsel with which disqualification directly interferes. It cited the language of Freeman, supra:
 "Disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary. A disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing." Freeman, 689 F.2d at 721.
Notwithstanding the review of the importance of a client's view of the judicial system the supreme court chose not to include such concerns within the three prong test it set forth in accepting the "rebuttable presumption" concept to utilize in ruling on a Motion to Disqualify Counsel.
This consideration of a client's opinion of the judicial system may possibly be argued in every case in which disqualification is an issue. However, not only does this confront the rights of each party to select counsel of their own choosing but, since appellee submitted no affidavit and no evidence was heard, the trial court had no basis upon which to base its decision on the confidence or lack thereof of appellee, even if such were applicable within the three prong test.
Therefore, this Court must determine whether an abuse of discretion occurred. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
We determine that an abuse of discretion of the trial court occurred as no evidentiary basis served as a foundation for its conclusion and resulting disqualification and whether the rebuttable presumption was overcome.
While Kala, supra, does state that an evidentiary hearing must be held as to the three tests of disqualification with findings of fact and conclusions of law issued, and an argument may be made that waiver of such occurred by not requesting such, it is unnecessary for us to consider because of the ruling herein.
We therefore sustain the Second Assignment of Error of appellant based on the findings herein and find it unnecessary to rule on the First and Third Assignments of Error.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is Reversed and Remanded. Costs to Appellants.
Hon. Julie A. Edwards, P.J. Hon. William B. Hoffman, J. Hon. John F. Boggins, J. concur.